IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY



FILED

DEC – 6 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

MICHAEL H. HOLLAND, A. FRANK
DUNHAM, MICHAEL W. BUCKNER, and
ELLIOT A. SEGAL as Trustees of the UNITED
MINE WORKERS OF AMERICA 1992
BENEFIT PLAN,
2121 K Street, N.W., Suite 350
Washington, D.C. 20037

       Plaintiffs,

       v.

BLUESTONE COAL CORPORATION
a corporation
818 N. Eisenhower Drive
Beckley, WV 25801 and
P.O. Box 1085
Beckley, WV 25801

and

BLUESTONE COAL SALES CORPORATION
a corporation
818 N. Eisenhower Drive
Beckley, WV 25801 and
P.O. Box 1085
Beckley, WV 25801

and

BLUESTONE INDUSTRIES INC.
a corporation
818 N. Eisenhower Drive
Beckley, WV 25801 and
P.O. Box 1085
Beckley, WV 25801

Civil Action No. *5:05-0958*

and

KEYSTONE SERVICE INDUSTRIES INC.
a corporation
818 N. Eisenhower Drive
Beckley, WV 25801 and
P.O. Box 1085
Beckley, WV 25801

        Defendants.

## COMPLAINT

1.     Plaintiffs, Michael H. Holland, A. Frank Dunham, Michael W. Buckner, and Elliot A. Segal are the Trustees of the United Mine Workers of America 1992 Benefit Plan (the "1992 Plan"). The Trustees are fiduciaries with respect to the 1992 Plan within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A). The Trustees conduct the business of the 1992 Plan at 2121 K Street, N.W., Suite 350, Washington, D.C. 20037.

2.     The 1992 Plan is an irrevocable trust fund created pursuant to Section 9712 of the Coal Industry Retiree Health Benefit Act of 1992 (the "Coal Act"), 26 U.S.C. § 9712.

3.     The 1992 Plan is a plan described in Section 302(C)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5); an employee welfare benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3); and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4.     Defendant Bluestone Coal Corporation ("Bluestone") is or was a West Virginia corporation, with an office and/or address at 818 N. Eisenhower Drive, Beckley, WV 25801, and P.O. Box 1085, Beckley, WV 25801.

5.     Defendant Bluestone Coal Sales Corporation ("Bluestone Coal Sales") is or was a West Virginia corporation, with an office and/or address at 818 N. Eisenhower Drive, Beckley, WV 25801, and P. O. Box 1085, Beckley, WV 25801.

6.     Defendant Bluestone Industries, Inc. ("Bluestone Industries") is or was a West Virginia corporation, with an office and/or address at 818 N. Eisenhower Drive, Beckley, WV 25801, and P. O. Box 1085, Beckley, WV 25801.

7.     Defendant Keystone Service Industries, Inc. ("Keystone") is or was a West Virginia corporation, with an office and/or address at 818 N. Eisenhower Drive, Beckley, WV 25801, and P. O. Box 1085, Beckley, WV 25801.

8.     Jurisdiction is conferred on this Court by Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 4301(d) of ERISA, 29 U.S.C. § 1451(d); and Section 502(e) of ERISA, 29 U.S.C. § 1132(e).

9.     Venue is proper in this district under Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), in that Defendants are or were incorporated in West Virginia and are or were engaged in their normal business activities within this district.

10.    Defendant Bluestone is or was engaged in operating a certain coal mine, or mines, or coal mining business and/or transporting or cleaning coal.

11.    Defendant Bluestone is a "1988 Last Signatory Operator" as that term is defined in Section 9712(d)(6) of the Coal Act, 26 U.S.C. § 9712(d)(6).

12.    Defendant Keystone is or was engaged in operating a certain coal mine, or mines, or coal mining business and/or transporting or cleaning coal.

13.     Defendant Keystone is a "1988 Last Signatory Operator" as that term is defined in Section 9712 (d)(6) of the Coal Act, 26 U.S.C. § 9712(d)(6).

14.     Defendants Bluestone, Bluestone Coal Sales, Bluestone Industries and Keystone are "related persons" within the meaning of Section 9701(c)(2)(A) of the Coal Act, 26 U.S.C. § 9701(c)(2)(A).  As such, pursuant to Section 9712(d)(4) of the Coal Act, 26 U.S.C. § 9712(d)(4), defendants Bluestone, Bluestone Coal Sales, Bluestone Industries, and Keystone are jointly and severally liable for the amounts owed to the 1992 Plan, and shall be referred to collectively herein as Defendants.

## Count I

## Annual Prefunding Premiums

15.     The allegations in paragraphs 1 - 14 are reasserted as if fully rewritten.

16.     Pursuant to Section 9712(d)(1)(A) of the Coal Act, 26 U.S.C. § 9712(d)(1)(A), defendants Bluestone and Keystone are each liable for the payment of an annual prefunding premium based on their respective number of eligible and potentially eligible beneficiaries. Potentially eligible beneficiaries are certain persons currently covered by individual employer plans, the exact number of which is currently unknown by the 1992 Plan and known by Defendants.

17.     As "related persons" within the meaning of Section 9701(c)(2)(A) of the Coal Act, 26 U.S.C. § 9701(c)(2)(A), Defendants are jointly and severally liable for the annual prefunding premiums owed to the 1992 Plan, pursuant to Section 9712(d)(4) of the Coal Act, 26 U.S.C. § 9712(d)(4).

18.     By notices dated December 16, 2002, December 17, 2003, and December 17, 2004, copies attached as Exhibit 1, the 1992 Plan requested payment of the annual prefunding

premium to be made no later than January 15, 2003, January 15, 2004, and January 15, 2005, respectively. The 1992 Plan also requested completion of Remittance Advice Forms advising the 1992 Plan of the number of defendant Bluestone's and defendant Keystone's potentially eligible beneficiaries under their individual employer plans.

19.     Defendants have failed to provide the 1992 Plan with the required completed Remittance Advice Forms, reflecting the number of potentially eligible beneficiaries in Bluestone and Keystone's employer plans. Therefore, Defendants have knowingly withheld information from the 1992 Plan, and the amount due and payable to the 1992 Plan may be subject to change.

20.     Defendants are liable for annual prefunding premiums based on each eligible and potentially eligible beneficiary for the period 2002 through 2005 at the following rates:

| | |
|------|-------|
| 2002 | $ 399 |
| 2003 | $ 476 |
| 2004 | $ 431 |
| 2005 | $ 355 |

21.     The 1992 Plan has calculated Bluestone's delinquent prefunding premiums, based on an estimated number of beneficiaries, as follows:

| Year | Rate | Beneficiaries (estimate) | Total |
|------|-------|--------------------------|-----------|
| 2002 | $399 | 19 | $ 7,581 |
| 2003 | $476 | 18 | $ 8,568 |
| 2004 | $431 | 18 | $ 7,758 |
| 2005 | $355 | 18 | $ 6,390 |
| | | | $30,297 |

22.     The 1992 Plan has calculated Keystone's delinquent prefunding premiums, based on an estimated number of beneficiaries, as follows:

| Year | Rate | Beneficiaries (estimate) | Total |
|------|-------|--------------------------|-----------|
| 2002 | $399 | 23 | $ 9,177 |
| 2003 | $476 | 23 | $10,948 |
| 2004 | $431 | 23 | $ 9,913 |
| 2005 | $355 | 23 | $ 8,165 |
| | | | $38,203 |

23.     Defendants have made no payments to the 1992 Plan for annual prefunding premiums for 2002 through 2005, resulting in a delinquency for prefunding premiums for 2002 through 2005. The 1992 Plan has calculated the delinquency, principal only, at $30,297 for Bluestone and $38,203 for Keystone. The sum of these delinquencies is $68,500 (principal only) for which the Defendants are jointly and severally liable. Thus, Defendants have failed to discharge their obligation under Section 515 of ERISA, 29 U.S.C. § 1145, and Sections 9712(d)(1)(A), (d)(4) of the Coal Act, 26 U.S.C. §§ 9712(d)(1)(A), (d)(4), and have caused the 1992 Plan to sustain loss of income, incur administrative and legal expenses and suffer immediate, continuing and irreparable injury. Plaintiffs are without an adequate remedy at law.

## Count II

### Monthly Per Beneficiary Premiums

24.     The allegations in paragraphs 1-23 are reasserted as if fully rewritten.

25.     Pursuant to Section 9712(d)(1)(B) of the Coal Act, 26 U.S.C. § 9712(d)(1)(B), defendant Bluestone is liable for the payment of monthly per beneficiary premiums to the 1992 Plan for its eligible beneficiaries receiving benefits from the 1992 Plan.

26.     As "related persons" within the meaning of Section 9701(c)(2)(A) of the Coal Act, 26 U.S.C. § 9701(c)(2)(A), Defendants are jointly and severally liable for the monthly per beneficiary premiums owed to the 1992 Plan, pursuant to Section 9712(d)(4) of the Coal Act, 26 U.S.C. § 9712(d)(4).

27.     On September 30, 2004, in Civil Action No. 5:02-1454, this Court found Defendants liable for monthly per beneficiary premiums owed to the 1992 Plan, and on September 16, 2005, this Court entered judgment for $121,892.31 which included unpaid monthly per beneficiary premiums through November 15, 2004, together with interest, liquidated

6

damages, fees and costs.  By check dated October 14, 2005, Defendants paid the 1992 Plan $121,892.31.

28.      Defendants have made no additional payments of monthly per beneficiary premiums to the 1992 Plan.  Defendants have failed to pay the required monthly per beneficiary premiums to the 1992 Plan for the period December 15, 2004 through November 15, 2005, in the principal amount of $10,044.28.  Therefore, Defendants have failed to discharge their obligations under Section 515 of ERISA, 29 U.S.C. § 1145, and Sections 9712(d)(1)(B) and (d)(4) of the Coal Act, 26 U.S.C. §§ 9712(d)(1)(B), (d)(4), and have caused the 1992 Plan to sustain loss of income, incur administrative and legal expenses and suffer immediate, continuing and irreparable injury.  Plaintiffs are without an adequate remedy at law.

### Count III

### Provision of Security

29.      The allegations in paragraphs 1-28 are reasserted as if fully rewritten.

30.      Under the Coal Act, each 1988 last signatory operator is required to finance the benefits provided under the 1992 Plan through several mechanisms, including the provision of security equal to a portion of the projected future cost of providing benefits for beneficiaries attributable to the operator.  26 U.S.C. § 9712(d)(1).

31.      As set forth in Section 9712(d)(1)(C) of the Coal Act, Article XI(4) of the Trust Agreement, and the rules adopted by the 1992 Plan Trustees, all 1988 last signatory operators must post security for the benefit of the 1992 Plan against the event that the operator may fail or cease to provide the requisite benefits or the event that beneficiaries attributable to such operator must be enrolled to receive their benefits from the 1992 Plan.  Such security must be posted in the form of a conforming bond, letter of credit, or cash escrow, in an amount equivalent to three

times the annual cost of providing health benefits to all beneficiaries attributable to the company, based on the number of eligible and potentially eligible beneficiaries attributable to the operator. The amount of security must be recalculated annually. To the extent security previously posted is less than the required amount, the operator must post additional security.

32.    In connection with this security requirement, each 1988 last signatory operator is required to report to the 1992 Plan concerning the status of its individual employer health plan provided for its retirees, including reporting the number of beneficiaries attributable to the operator who are potentially eligible for the 1992 Plan.

33.    Beginning in 1995, the 1992 Plan has provided annual security reporting and calculation forms to defendants Bluestone and Keystone, together with instructions for completing these forms. A copy of the 2005 reporting and calculation form is attached as Exhibit 2.

34.    In 1996 defendant Bluestone submitted the required report and calculation form for that year and posted as security a Surety Bond from Frontier Insurance Company Inc. ("Frontier") in the amount of $177,660 (Surety Bond No. 102920). Bluestone has not filed any additional reports and forms for its security. Upon information and belief Bluestone has not adjusted the security from this original amount.

35.    Upon information and belief, the amount of security posted by Bluestone ($177,660) is insufficient. The 1992 Plan has estimated Bluestone's security requirement for 2005 to be $270,810. Therefore, the 1992 Plan calculates that Bluestone's security is deficient in the amount of $ 93,150.

36.    In 1996 defendant Keystone submitted the required report and calculation form for that year and posted as security a Surety Bond from Frontier Insurance Company Inc.

8

("Frontier") in the amount of $177,660 (Surety Bond No. 102921). Keystone has not filed any additional reports and forms for its security. Upon information and belief Keystone has not adjusted the security from this original amount.

37.     Upon information and belief, the amount of security posted by Keystone ($177,660) is insufficient. The 1992 Plan has estimated Keystone's security requirement for 2005 to be $346,035. Therefore, the 1992 Plan calculates that Keystone's security is deficient in the amount of $168,375.

38.     Frontier, the surety used by Defendants, does not meet the requirements for acceptable sureties adopted by the 1992 Plan Trustees. Under guidelines adopted by the 1992 Plan Trustees in 1995, sureties must remain on the United States Treasury's approved list of surety companies and must maintain a minimum rating of "A-" from A.M. Best. Upon information and belief, Frontier is currently under New York State supervised rehabilitation and does not meet these criteria.

39.     As "related persons" within the meaning of Section 9701(c)(2)(A) of the Coal Act, 26 U.S.C. § 9701(c)(2)(A), defendants Bluestone, Bluestone Coal Sales, Bluestone Industries, and Keystone are jointly and severally liable for security that must be provided to the 1992 Plan, pursuant to Section 9712(d)(4) of the Coal Act, 26 U.S.C. § 9712(d)(4).

40.     By reason of Defendants' conduct in failing to post the requisite security, the 1992 Plan faces immediate and irreparable harm.

WHEREFORE, the Plaintiffs pray for the following relief:

9

(a) A declaration that Defendants Bluestone, Bluestone Coal Sales, Bluestone Industries, and Keystone are related persons within the meaning of Section 9701(c)(2)(A) of the Coal Act, 29 U.S.C. § 9701(c)(2)(A);

(b) A declaration that Defendants are jointly and severally liable to the 1992 Plan for annual prefunding premiums for the years 2002 through 2005 in the amount of $68,500;

(c) A declaration that Defendants are jointly and severally liable to the 1992 Plan for monthly per beneficiary premiums from December 15, 2004 through November 15, 2005, in the amount of $10,044.28;

(d) Judgment jointly and severally for the entire liabilities set forth in paragraphs (b) and (c), plus interest thereon from the date such amounts became due and owing, together with liquidated damages, pursuant to Section 9721 of the Coal Act, 26 U.S.C. § 9721; Sections 502(g)(2), 515, and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145, and 1451 (b), and for all amounts that become due during the pendency of this action;

(e) An order requiring the Defendants to submit completed Remittance Advice Forms, reflecting their number of potential beneficiaries, and Judgment to be awarded for the additional amounts due, based on the information contained on the Remittance Advice Forms;

(f) A declaration that Defendants have not met the 1992 Plan security posting requirements of the Coal Act;

(g) An order requiring the Defendants to submit completed Security Reporting and Calculation Forms;

(h) An order requiring the Defendants to comply with the security posting requirements of the Coal Act, by posting security in an appropriate form and amount;

(i) A permanent injunction enjoining Defendants from failing to pay their premiums to the 1992 Plan and from failing to post security in an appropriate form and amount;

(j) Judgment for attorney's fees, audit costs and other costs and disbursements in this action;

(k) That the Court retain jurisdiction of this case pending compliance with its orders; and

(l) For such other and further relief as the Court may deem just.

Respectfully submitted,

GARY A. COLLIAS, ATTORNEY AT LAW
P. O. Box 70007
Charleston, WV 25301-0007
Telephone: (304) 344-3653

DAVID W. ALLEN
General Counsel

LARRY D. NEWSOME
Associate General Counsel

CLAYTON M. CRESWELL
Assistant General Counsel

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W. Suite 350
Washington, D.C. 20037
Telephone: 202-521-2238

Attorneys for Plaintiffs

12

*Exh. 1*

## UMWA 1992 BENEFIT PLAN
2121 K Street, N.W., Washington, DC 20037. Telephone: (202) 521-2200

December 17, 2004

**BLUESTONE COAL CORPORATION**
**EIN: 550526141    FUNDS: 00593**
**P. O. BOX 1085**

**BECKLEY ,WV258021085**

## M E M O R A N D U M

To:        1988 Last Signatory Operators and Related Persons

From:      Lorraine Lewis, Executive Director

Subject:   Payment of the Annual Prefunding Premium Owed to the UMWA 1992
           Benefit Plan

The Trustees of the UMWA 1992 Benefit Plan have directed that you be notified of your
obligation to pay the annual prefunding premium to that Plan pursuant to the provisions of
the Coal Industry Retiree Health Benefit Act of 1992 ("the Act"). According to Section
9712(d) of the Act,

> All 1988 last signatory operators shall be responsible for financing the benefits
> described in subsection (c), in accordance with the contribution requirements
> established in the 1992 UMWA Benefit Plan. Such contribution requirements ...
> shall include (A) the payment of an annual prefunding premium for all eligible and
> potentially eligible beneficiaries attributable to a 1988 last signatory operator,...

Pursuant to the Act, the UMWA and the BCOA have established an Agreement and
Declaration of Trust for the UMWA 1992 Benefit Plan which has been accepted by the
Trustees of that Plan. Copies of this Trust document are available from the 1992 Benefit
Plan upon request. Pursuant to the terms of the Act and the Trust document, each 1988
last signatory operator is required to pay to the Plan an annual prefunding premium equal
to the product of: (i) the prefunding premium rate, as determined annually by the Trustees,
that is necessary to provide the Trust with sufficient assets, when added to the per
beneficiary premiums, to pay the projected benefits and administrative costs for the
succeeding plan year (including a reserve that the Trustees may establish in their
discretion) times (ii) the total number of retirees and their dependents receiving benefits
from an employer-sponsored health plan maintained by such operator under Section 9711
of the Act, plus any beneficiaries attributable to such operator who may be receiving
benefits from the 1992 Benefit Plan as of January 1, 2005.

Section 9711 of the Act requires each last signatory operator and 1988 agreement
operator which provided or had an obligation to provide an individual employer health
benefit plan for retirees and their dependents pursuant to a Coal Wage Agreement as of

INC-00-0007-550526141-00593-2004-12-17-1
BLUESTONE COAL CORPORATION

February 1, 1993, to continue to maintain such plan for retirees who were age and service eligible for such benefits as of that date and who retire on or before September 30, 1994, and for their eligible dependents. The Trustees intend to vigorously pursue appropriate legal and administrative remedies under Section 9711 of the Act against any operator or related person who attempts to discontinue health benefits under such employer plans.

In addition, Section 9712 of the Act requires the payment of a monthly per beneficiary premium by those last signatory operators or 1988 agreement operators, or any related person, to whom beneficiaries of the 1992 Benefit Plan can be attributed. By separate letter, responsible parties have been notified of their obligation to pay such premiums. The Trustees are committed to an aggressive policy of collecting these per beneficiary premiums; the extent to which they are successful will have an impact on the computation of the annual prefunding premium.

Based upon the available information, the Trustees have established the annual prefunding premium rate for 2005 at $355.00.

According to 1992 Benefit Plan records, the number of beneficiaries receiving benefits from the 1992 Benefit Plan who are attributable to you is 2. This number must be added to the number of retirees and their dependents for whom you provide benefits under your employer-sponsored health plan and then multiplied by the prefunding premium rate to determine the amount owed to the UMWA 1992 Benefit Plan.

The enclosed Remittance Advice Form sets out the method for calculating the annual prefunding premium to be paid to the UMWA 1992 Benefit Plan. **Your completed form and payment must be sent to the Plan by January 15, 2005.** Any questions concerning this matter should be directed to Dale R. Stover, Comptroller, UMWA Health and Retirement Funds, at (202) 521-2294 (dstover@umwafunds.org). The failure to pay timely the required prefunding premium will be treated as a delinquency by the Plan for which it will seek payment of all amounts owed, interest, liquidated damages and attorneys' fees.

Please note that under the provisions of the Act, companies which are obligated to pay the annual prefunding premium are also required by law to provide security to the 1992 Benefit Plan to ensure that future benefits will be paid. This security may take the form of a bond, a letter of credit, an escrow account or, for a company unable to provide one of these alternatives, additional annual payments to the 1992 Benefit Plan. The Trustees implemented these legislated requirements and communicated the requirements to companies obligated to pay prefunding premiums. The annual **reporting for** the security program is due on April 15, 2005. The security amount required for 2004 equals:

> $15,045 (which is an average for the last three years health care costs) x 3 years) x number of beneficiaries as of January 1, 2005 for whom prefunding premium is due.

By separate letter, you will be provided the appropriate forms for complying with the annual security verification.

INC-00-0007-550526141-00593-2004-12-17-2
BLUESTONE COAL CORPORATION

**UMWA 1992 BENEFIT PLAN**
2121 K Street, NW, Washington, DC 20037, Telephone: (202) 521-2200

December 17, 2004

**KEYSTONE SERVICE INDUSTRIES INC**
**EIN: 55-0673462  FUNDS: 09602**
**P.O. BOX 1085**
**BECKLEY, WV 25802**

M E M O R A N D U M

To:      1988 Last Signatory Operators and Related Persons

From:    Lorraine Lewis, Executive Director

Subject: Payment of the Annual Prefunding Premium Owed to the UMWA 1992 Benefit Plan

The Trustees of the UMWA 1992 Benefit Plan have directed that you be notified of your obligation to pay the annual prefunding premium to that Plan pursuant to the provisions of the Coal Industry Retiree Health Benefit Act of 1992 ("the Act"). According to Section 9712(d) of the Act,

> All 1988 last signatory operators shall be responsible for financing the benefits described in subsection (c), in accordance with the contribution requirements established in the 1992 UMWA Benefit Plan. Such contribution requirements ... shall include (A) the payment of an annual prefunding premium for all eligible and potentially eligible beneficiaries attributable to a 1988 last signatory operator,...

Pursuant to the Act, the UMWA and the BCOA have established an Agreement and Declaration of Trust for the UMWA 1992 Benefit Plan which has been accepted by the Trustees of that Plan. Copies of this Trust document are available from the 1992 Benefit Plan upon request. Pursuant to the terms of the Act and the Trust document, each 1988 last signatory operator is required to pay to the Plan an annual prefunding premium equal to the product of: (i) the prefunding premium rate, as determined annually by the Trustees, that is necessary to provide the Trust with sufficient assets, when added to the per beneficiary premiums, to pay the projected benefits and administrative costs for the succeeding plan year (including a reserve that the Trustees may establish in their discretion) times (ii) the total number of retirees and their dependents receiving benefits from an employer-sponsored health plan maintained by such operator under Section 9711 of the Act, plus any beneficiaries attributable to such operator who may be receiving benefits from the 1992 Benefit Plan as of January 1, 2005.

Section 9711 of the Act requires each last signatory operator and 1988 agreement operator which provided or had an obligation to provide an individual employer health benefit plan for retirees and their dependents pursuant to a Coal Wage Agreement as of February 1, 1993, to continue to maintain such plan for retirees who were age and service eligible for such benefits as of that date and who retire on or before September 30, 1994, and for their eligible dependents. The Trustees intend to vigorously pursue appropriate legal and administrative remedies under Section 9711 of the Act against any operator or related person who attempts to discontinue health benefits under such employer plans.

In addition, Section 9712 of the Act requires the payment of a monthly per beneficiary premium by those last signatory operators or 1988 agreement operators, or any related person, to whom beneficiaries of the 1992 Benefit Plan can be attributed. By separate letter, responsible parties have been notified of their obligation to pay such premiums. The Trustees are committed to an aggressive policy of collecting these per beneficiary premiums; the extent to which they are successful will have an impact on the computation of the annual prefunding premium.

Based upon the available information, the Trustees have established the annual prefunding premium rate for 2005 at $355.00.

According to 1992 Benefit Plan records, the number of beneficiaries receiving benefits from the 1992 Benefit Plan who are attributable to you is **0**. This number must be added to the number of retirees and their dependents for whom you provide benefits under your employer-sponsored health plan and then multiplied by the prefunding premium rate to determine the amount owed to the UMWA 1992 Benefit Plan.

The enclosed Remittance Advice Form sets out the method for calculating the annual prefunding premium to be paid to the UMWA 1992 Benefit Plan. **Your completed form and payment must be sent to the Plan by January 15, 2005.** Any questions concerning this matter should be directed to Dale R. Stover, Comptroller, UMWA Health and Retirement Funds, at (202) 521-2294 (dstover@umwafunds.org). The failure to pay timely the required prefunding premium will be treated as a delinquency by the Plan for which it will seek payment of all amounts owed, interest, liquidated damages and attorneys' fees.

Please note that under the provisions of the Act, companies which are obligated to pay the annual prefunding premium are also required by law to provide security to the 1992 Benefit Plan to ensure that future benefits will be paid. This security may take the form of a bond, a letter of credit, an escrow account or, for a company unable to provide one of these alternatives, additional annual payments to the 1992 Benefit Plan. The Trustees implemented these legislated requirements and communicated the requirements to companies obligated to pay prefunding premiums. The annual **reporting for** the security program is due on April 15, 2005. The security amount required for 2004 equals:

> $15,045 (which is an average for the last three years health care costs) x 3 years)  x   number of beneficiaries as of January 1, 2005 for whom prefunding premium is due.

By separate letter, you will be provided the appropriate forms for complying with the annual security verification.

**UMWA 1992 BENEFIT PLAN**

2121 K Street, N.W., Washington, DC 20037. Telephone: (202) 521-2200

December 17, 2003

**BLUESTONE COAL CORPORATION**
**EIN: 550526141    FUNDS: 00593**
**P. O. BOX 1085**

**BECKLEY ,WV258021085**

**M E M O R A N D U M**

To:         1988 Last Signatory Operators and Related Persons

From:       Lorraine Lewis, Executive Director

Subject:    Payment of the Annual Prefunding Premium Owed to the UMWA 1992
            Benefit Plan

The Trustees of the UMWA 1992 Benefit Plan have directed that you be notified of your
obligation to pay the annual prefunding premium to that Plan pursuant to the provisions of
the Coal Industry Retiree Health Benefit Act of 1992 ("the Act"). Section 9712(d) of the
Act provides:

> All 1988 last signatory operators shall be responsible for financing the benefits
> described in subsection (c), in accordance with the contribution requirements
> established in the 1992 UMWA Benefit Plan. Such contribution requirements...
> shall include (A) the payment of an annual prefunding premium for all eligible
> and potentially eligible beneficiaries attributable to a 1988 last signatory operator....

The Act , and the Agreement and Declaration of Trust adopted pursuant to it, require each
1988 last signatory operator to pay to the Plan an annual prefunding premium equal to the
product of: (i) the prefunding premium rate, as determined annually by the Trustees,
multiplied by (ii) the total number of retirees and their dependents receiving benefits from
a health plan maintained by such operator under Section 9711 of the Act, plus any
beneficiaries attributable to such operator who receive benefits from the 1992 Benefit
Plan, as of January 1, 2004. The prefunding premium rate is calculated to provide the
Trust with sufficient assets, when added to per beneficiary premiums, to pay the Plan's
projected benefits and administrative costs for the succeeding plan year (including a
reserve that the Trustees may establish in their discretion).

Section 9711 of the Act requires each last signatory operator and 1988 agreement
operator that, on February 1, 1993,  provided or was obligated to provide an individual
employer health benefit plan, pursuant to a Coal Wage Agreement, to continue to
maintain such plan for retirees who were age and service eligible for such benefits as of
that date and who retire on or before September 30, 1994. The Trustees will vigorously
pursue appropriate legal remedies against any operator or related person who attempts to
discontinue health benefits under such an employer plan.

INC-00-0007-550526141-00593-2003-12-17-1
BLUESTONE COAL CORPORATION

Section 9712 of the Act requires the payment of monthly per beneficiary premiums by those last signatory operators, or any related persons, to whom beneficiaries of the 1992 Benefit Plan are attributed. By separate letter, the Plan has notified responsible parties of their obligation to pay such premiums. The Trustees will diligently pursue collection of per beneficiary premiums.

Based upon available information regarding expected collection of per beneficiary premiums, the Trustees have established the annual prefunding premium rate for 2004 at $431.00.

According to 1992 Benefit Plan records, the number of beneficiaries receiving benefits from the 1992 Benefit Plan who are attributable to **BLUESTONE COAL CORPORATION** is **2**. This number must be added to the number of retirees and their dependents for whom the employer provides benefits under its employer-sponsored health plan and then multiplied by the prefunding premium rate to determine the amount of prefunding premiums owed to the UMWA 1992 Benefit Plan.

The enclosed Remittance Advice Form sets out the method for calculating the annual prefunding premium. **Your completed form and payment must be sent to the Plan by January 15, 2004.** Any questions concerning this matter should be directed to Dale R. Stover, Comptroller, UMWA Health and Retirement Funds, at (202) 521-2294 (dstover@umwafunds.org). Failure to pay the required prefunding premium on time will be treated as a delinquency by the Plan. The Plan will seek payment of all amounts owed, including interest, liquidated damages and attorneys' fees.

Please note that under the provisions of the Act, companies, that are obligated to pay the annual prefunding premium, are also required to provide security to the 1992 Benefit Plan to ensure that future benefits will be provided. This security may take the form of a bond, a letter of credit, or an escrow account. An employer unable to provide one of these alternatives is liable for additional annual payments to the 1992 Benefit Plan. Annual required adjustments needed to maintain full compliance with the security program will be due on April 15, 2004. The security amount required for 2004 equals':

> $14,728 (the last three years' health care costs) multiplied by the number of beneficiaries for whom prefunding premiums are due for the 2004 plan year.

By separate letter, the Plan will provide appropriate forms for complying with the annual security verification.

**UMWA 1992 BENEFIT PLAN**

2121 K Street N.W., Washington, DC 20037. Telephone: (202) 521-2200

December 17, 2003

**KEYSTONE SERVICE INDUSTRS INC**
**FUNDS: 9602**
**P. O. BOX 1085**
**BECKLEY, WV 258021085**

**MEMORANDUM**

To:       1988 Last Signatory Operators and Related Persons

From:     Lorraine Lewis, Executive Director

Subject:  Payment of the Annual Prefunding Premium Owed to the UMWA 1992 Benefit
          Plan

The Trustees of the UMWA 1992 Benefit Plan have directed that you be notified of your
obligation to pay the annual prefunding premium to that Plan pursuant to the provisions of the
Coal Industry Retiree Health Benefit Act of 1992 ("the Act"). Section 9712(d) of the Act
provides:

> All 1988 last signatory operators shall be responsible for financing the benefits described
> in subsection (c), in accordance with the contribution requirements established in the
> 1992 UMWA Benefit Plan. Such contribution requirements... shall include (A) the
> payment of an annual prefunding premium for all eligible and potentially eligible
> beneficiaries attributable to a 1988 last signatory operator....

The Act , and the Agreement and Declaration of Trust adopted pursuant to it, require each 1988
last signatory operator to pay to the Plan an annual prefunding premium equal to the product of:
(i) the prefunding premium rate, as determined annually by the Trustees, multiplied by (ii) the
total number of retirees and their dependents receiving benefits from a health plan maintained by
such operator under Section 9711 of the Act, plus any beneficiaries attributable to such operator
who receive benefits from the 1992 Benefit Plan, as of January 1, 2004. The prefunding
premium rate is calculated to provide the Trust with sufficient assets, when added to per
beneficiary premiums, to pay the Plan's projected benefits and administrative costs for the
succeeding plan year (including a reserve that the Trustees may establish in their discretion).

Section 9711 of the Act requires each last signatory operator and 1988 agreement operator that,
on February 1, 1993, provided or was obligated to provide an individual employer health benefit
plan, pursuant to a Coal Wage Agreement, to continue to maintain such plan for retirees who

were age and service eligible for such benefits as of that date and who retire on or before September 30, 1994. The Trustees will vigorously pursue appropriate legal remedies against any operator or related person who attempts to discontinue health benefits under such an employer plan.

Section 9712 of the Act requires the payment of monthly per beneficiary premiums by those last signatory operators, or any related persons, to whom beneficiaries of the 1992 Benefit Plan are attributed. By separate letter, the Plan has notified responsible parties of their obligation to pay such premiums. The Trustees will diligently pursue collection of per beneficiary premiums.

Based upon available information regarding expected collection of per beneficiary premiums, the Trustees have established the annual prefunding premium rate for 2004 at $431.00.

According to 1992 Benefit Plan records, the number of beneficiaries receiving benefits from the 1992 Benefit Plan who are attributable to **KEYSTONE SERVICE INDUSTRS INC is 0**. This number must be added to the number of retirees and their dependents for whom the employer provides benefits under its employer-sponsored health plan and then multiplied by the prefunding premium rate to determine the amount of prefunding premiums owed to the UMWA 1992 Benefit Plan.

The enclosed Remittance Advice Form sets out the method for calculating the annual prefunding premium. **Your completed form and payment must be sent to the Plan by January 15, 2004.** Any questions concerning this matter should be directed to Dale R. Stover, Comptroller, UMWA Health and Retirement Funds, at (202) 521-2202 (dstover@umwafunds.org). Failure to pay the required prefunding premium on time will be treated as a delinquency by the Plan. The Plan will seek payment of all amounts owed, including interest, liquidated damages and attorneys' fees.

Please note that under the provisions of the Act, companies, that are obligated to pay the annual prefunding premium, are also required to provide security to the 1992 Benefit Plan to ensure that future benefits will be provided. This security may take the form of a bond, a letter of credit, or an escrow account. An employer unable to provide one of these alternatives is liable for additional annual payments to the 1992 Benefit Plan. Annual required adjustments needed to maintain full compliance with the security program will be due on April 15, 2004. The security amount required for 2004 equals:

$14,728 (the last three years' health care costs) multiplied by the number of beneficiaries for whom prefunding premiums are due for the 2004 plan year.

By separate letter, the Plan will provide appropriate forms for complying with the annual security verification.

**UMWA 1992 BENEFIT PLAN**

2121 K Street, NW I Washington, DC 20037 !Telephone: (202) 521-2200

December 16, 2002

**BLUESTONE COAL CORPORATION**
**EIN: 550526141      FUNDS: 00593**
**PO BOX 1085**

**BECKLEY ,WV258011085**

## M E M O R A N D U M

To:         1988 Last Signatory Operators and Related Persons

From:       Joseph P. Brennan and Marty D. Hudson, Co-Administrators

Subject:    Payment of the Annual Prefunding Premium Owed to the
            UMWA 1992 Benefit Plan

     The Trustees of the UMWA 1992 Benefit Plan have directed that you be notified of your obligation to pay the annual prefunding premium to that Plan pursuant to the provisions of the Coal Industry Retiree Health Benefit Act of 1992 ("the Act"). According to Section 9712(d) of the Act,

     All 1988 last signatory operators shall be responsible for financing the benefits described in subsection (c), in accordance with the contribution requirements established in the 1992 UMWA Benefit Plan. Such contribution requirements ... shall include (A) the payment of an annual prefunding premium for all eligible and potentially eligible beneficiaries attributable to a 1988 last signatory operator, ...

     Pursuant to the Act, the UMWA and the BCOA have established an Agreement and Declaration of Trust for the UMWA 1992 Benefit Plan which has been accepted by the Trustees of that Plan. Copies of this Trust document are available from the 1992 Benefit Plan upon request. Pursuant to the terms of the Act and the Trust document, each 1988 Last Signatory Operator is required to pay to the Plan an annual prefunding premium equal to the product of: (i) the prefunding premium rate, as determined annually by the Trustees, that is necessary to provide the Trust with sufficient assets, when added to the per beneficiary premiums, to pay the projected benefits and administrative costs for the succeeding plan year (including a reserve that the Trustees may establish in their discretion) times (ii) the total number of retirees and their dependents receiving benefits from an employer-sponsored health plan maintained by such operator under Section 9711 of the Act, plus any beneficiaries attributable to such operator who may receive benefits from the 1992 Benefit Plan as of January 1, 2003.

     Section 9711 of the Act requires each Last Signatory Operator and 1988 Agreement Operator which provided or had an obligation to provide an individual employer health benefit plan for retirees and their dependents pursuant to a Coal Wage Agreement as of February 1, 1993, to continue to maintain such plan for retirees who were age and service eligible for such benefits as of that date and who retire on or before September 30,

INC-00-0007-550526141-00593-2002-12-16-1
BLUESTONE COAL CORPORATION

1994, and for their eligible dependents. The Trustees intend to vigorously pursue appropriate legal and administrative remedies under Section 9711 of the Act against any operator or related person who attempts to discontinue health benefits under such employer plans.

In addition, Section 9712 of the Act requires the payment of a monthly per beneficiary premium by those Last Signatory Operators or 1988 Agreement Operators, or any related person, to whom beneficiaries of the 1992 Benefit Plan can be attributed. By separate letter, responsible parties have been notified of their obligation to pay such premiums. The Trustees are committed to an aggressive policy of collecting these per beneficiary premiums; the extent to which they are successful will have an impact on the computation of the annual prefunding premium.

Based upon the available information, the Trustees have established the annual prefunding premium rate for 2003 at **$476.00**.

According to 1992 Benefit Plan records, the number of beneficiaries receiving benefits from the 1992 Benefit Plan who are attributable to you is **2**. This number must be added to the number of retirees and their dependents for whom you provide benefits under your employer-sponsored health plan and then multiplied by the prefunding premium rate to determine the amount owed to the UMWA 1992 Benefit Plan.

The enclosed Remittance Advice Form sets out the method for calculating the annual prefunding premium to be paid to the UMWA 1992 Benefit Plan. **Your completed form and payment must be sent to the Plan by January 15, 2003.** Any questions concerning this matter should be directed to Carl Tennille, Comptroller, UMWA Health and Retirement Funds, at (202) 521-2202. The failure to pay timely the required prefunding premium will be treated as a delinquency by the Plan for which it will seek payment of all amounts owed, interest, liquidated damages and attorneys' fees.

Please note that under the provisions of the Act, companies which are obligated to pay the annual prefunding premium are also required by law to provide security to the 1992 Benefit Plan to ensure that future benefits will be paid. This security may take the form of a bond, a letter of credit, an escrow account or, for a company unable to provide one of these alternatives, additional annual payments to the 1992 Benefit Plan. The Trustees implemented these legislated requirements and communicated the requirements to companies obligated to pay prefunding premiums. The annual the security program is due on April 15, 2003. The security amount required for 2003 equals:

$12,931.00 (The sum of the expected cost of health benefits for the three years CY 01, 02 and 03 for a newly eligible beneficiary) x number of beneficiaries as of January 1, 2003 for whom prefunding premium is due.

By separate letter, you will be provided the appropriate forms for complying with the annual security verification. .

INC-00-0007-550526141-00593-2002-12-16-2
BLUESTONE COAL CORPORATION

**UMWA 1992 BENEFIT PLAN**

2121 K Street, NW ! Washington, DC 20037 !Telephone: (202) 521-2200

December 16, 2002

**KEYSTONE SERVICE INDUSTRS INC**
**EIN:  FUNDS: 9602**
**P. O. BOX 1085**
**BECKLEY, WV 258021085**

## MEMORANDUM

To:         1988 Last Signatory Operators and Related Persons

From:       Joseph P. Brennan and Marty D. Hudson, Co-Administrators

Subject:    Payment of the Annual Prefunding Premium Owed to the
            UMWA 1992 Benefit Plan

The Trustees of the UMWA 1992 Benefit Plan have directed that you be notified of your obligation to pay the annual prefunding premium to that Plan pursuant to the provisions of the Coal Industry Retiree Health Benefit Act of 1992 ("the Act"). According to Section 9712(d) of the Act,

> All 1988 last signatory operators shall be responsible for financing the benefits described in subsection (c), in accordance with the contribution requirements established in the 1992 UMWA Benefit Plan. Such contribution requirements ... shall include (A) the payment of an annual prefunding premium for all eligible and potentially eligible beneficiaries attributable to a 1988 last signatory operator, ...

Pursuant to the Act, the UMWA and the BCOA have established an Agreement and Declaration of Trust for the UMWA 1992 Benefit Plan which has been accepted by the Trustees of that Plan. Copies of this Trust document are available from the 1992 Benefit Plan upon request. Pursuant to the terms of the Act and the Trust document, each 1988 Last Signatory Operator is required to pay to the Plan an annual prefunding premium equal to the product of: (i) the prefunding premium rate, as determined annually by the Trustees, that is necessary to provide the Trust with sufficient assets, when added to the per beneficiary premiums, to pay the projected benefits and administrative costs for the succeeding plan year (including a reserve that the Trustees may establish in their discretion) times (ii) the total number of retirees and their dependents receiving benefits from an employer-sponsored health plan maintained by such operator under Section 9711 of the Act, plus any beneficiaries attributable to such operator who may receive benefits from the 1992 Benefit Plan as of January 1, 2003.

Section 9711 of the Act requires each Last Signatory Operator and 1988 Agreement Operator which provided or had an obligation to provide an individual employer health benefit plan for retirees and their dependents pursuant to a Coal Wage Agreement as of February 1, 1993, to continue to maintain such plan for retirees who were age and service eligible for such benefits as of that date and who retire on or before September 30,

1994, and for their eligible dependents. The Trustees intend to vigorously pursue appropriate legal and administrative remedies under Section 9711 of the Act against any operator or related person who attempts to discontinue health benefits under such employer plans.

In addition, Section 9712 of the Act requires the payment of a monthly per beneficiary premium by those Last Signatory Operators or 1988 Agreement Operators, or any related person, to whom beneficiaries of the 1992 Benefit Plan can be attributed. By separate letter, responsible parties have been notified of their obligation to pay such premiums. The Trustees are committed to an aggressive policy of collecting these per beneficiary premiums; the extent to which they are successful will have an impact on the computation of the annual prefunding premium.

Based upon the available information, the Trustees have established the annual prefunding premium rate for 2003 at **$476.00**.

According to 1992 Benefit Plan records, the number of beneficiaries receiving benefits from the 1992 Benefit Plan who are attributable to you is **0**. This number must be added to the number of retirees and their dependents for whom you provide benefits under your employer-sponsored health plan and then multiplied by the prefunding premium rate to determine the amount owed to the UMWA 1992 Benefit Plan.

The enclosed Remittance Advice Form sets out the method for calculating the annual prefunding premium to be paid to the UMWA 1992 Benefit Plan. **Your completed form and payment must be sent to the Plan by January 15, 2003.** Any questions concerning this matter should be directed to Carl Tennille, Comptroller, UMWA Health and Retirement Funds, at (202) 521-2202. The failure to pay timely the required prefunding premium will be treated as a delinquency by the Plan for which it will seek payment of all amounts owed, interest, liquidated damages and attorneys' fees.

Please note that under the provisions of the Act, companies which are obligated to pay the annual prefunding premium are also required by law to provide security to the 1992 Benefit Plan to ensure that future benefits will be paid. This security may take the form of a bond, a letter of credit, an escrow account or, for a company unable to provide one of these alternatives, additional annual payments to the 1992 Benefit Plan. The Trustees implemented these legislated requirements and communicated the requirements to companies obligated to pay prefunding premiums. The annual the security program is due on April 15, 2003. The security amount required for 2003 equals:

> $12,931.00 (The sum of the expected cost of health benefits
> for the three years CY 01, 02 and 03 for a newly eligible
> beneficiary) x number of beneficiaries as of January 1, 2003
> for whom prefunding premium is due.

By separate letter, you will be provided the appropriate forms for complying with the annual security verification. .

*Exh. 2*

# MEMORANDUM

**To:**      1988 Last Signatory Operators and Related Persons

**From:**    Lorraine Lewis, Executive Director

**Date:**    January 18, 2005

**Re:**      2005 Calculation and Reporting of Security Provisions for UMWA 1992 Benefit Plan

---

Attached are 2005 Calculation and Election of Security Provisions Form and a 2005 Annual Escrow Account Calculation and Reporting Form, together with instructions for completing these forms. Please read the instructions carefully and be sure to submit the appropriate documents supporting the option(s) elected for providing the required security, together with the election forms, by April 15, 2005.  If you have any questions about this memorandum, please contact Dale R. Stover, Comptroller, at (202) 521-2294 (dstover@umwafunds.org).

The September 25, 1995 memorandum implementing the security provisions for the UMWA 1992 Benefit Plan explained that the required security equals three times the annual cost of providing health benefits to all beneficiaries attributed to the company by the 1992 Benefit Plan, and all beneficiaries under Section 9711, who are receiving health benefits from the individual company plan.  In 2002, the Trustees agreed to a revision in the calculation of the security amount by changing the projected annual premium to a three-year average.  The revised method for determining the required security reduces the immediate impact of large changes in health care costs.  The three-year average health care cost to be used for calculating the security that is now due is $ 5,015.00 which translates to a security requirement of $15,045 per beneficiary.

The Trustees also set the prefunding premium for 2005 at $355.  In the event that a 1988 Last Signatory Operator or a Related Person is unable to post acceptable security as required under these rules, the amount to be used for the nonrefundable payment is equal to the annual prefunding premium multiplied by ten ($3,550) multiplied by the number of beneficiaries in your individual company plan maintained under Section 9711 plus the number of beneficiaries attributable to you in the 1992 Benefit Plan.

drs

Attachments

## UMWA 1992 BENEFIT PLAN
## SECURITY PROVISIONS
### INSTRUCTIONS FOR COMPLETING THE
### 2005 CALCULATION AND ELECTION OF SECURITY PROVISIONS FORM

1. Enter the name and title of the individual responsible for completing the form on line (1).

2. Enter the company's name on line (2) and address on the appropriate lines.

3. Enter the company's Employer Identification Number on line (3) and the Funds Owner No. on line (4).

4. Enter the telephone number, including area code, of the individual responsible for the report on line (5) and e-mail address.

5. Enter the number of individuals receiving benefits from the UMWA 1992 Benefit Plan, as reported to the company by the Plan on December 17, 2004, on line (6).

6. Enter the number of individuals (retirees plus dependents) receiving benefits under the employer health plan maintained by the company pursuant to Section 9711 of the Coal Act, as of January 1, 2005, on line (7).

7. Add line (6) to (7) and enter the total on line (8).

8. Multiply the number on line (8) by the amount on line (9) and enter the total on line (10).

9. Multiply the amount on line (10) by 3 and enter the total on line (11).

10. Check the appropriate line(s) on the back of the form indicating which of the options are being used to provide the security and, if more than one option is being used, enter the dollar amount being provided by each option selected.

11. Total the amount of security being provided on line (12) and check to see that it equals or exceeds the amount on line (11) at the bottom of the front page.

12. If the company is using the escrow option, complete the section "Additional Premium due for use of escrow arrangements", as follows:

    a. Enter total amount of escrow to be provided on line (13).

    b. Enter the balance in the escrow account, to include the current payment, on line (14).

    c. Subtract line (14) from line (13) and enter the total on line (15).

    d. Multiply the amount shown on line (15) by either 1% or 2 ½%, depending on the length of term used to fund the escrow, and enter the amount on line (16).

    e. A check for the amount shown on line (16), payable to the UMWA 1992 Benefit Plan, must accompany this report.

13. If the company is unable to provide the security required using the options outlined at the top backside of this form, then it must complete the additional annual prefunding premium calculation as follows:

    a. Enter the total number of beneficiaries from line (8) on the front of this form on line (17)

    b. Multiply the number on line (17) by $ 3,550.00 and enter the total on line (18).

    c. A check for the amount shown on line (18), payable to the UMWA 1992 Benefit Plan, must accompany this report.

## 14. BE SURE TO SIGN AND DATE THIS REPORT ON THE FRONT OF THE FORM.

15. Send completed form to:

                UMWA 1992 Benefit Plan
                Attn: Security
                2121 K Street NW  Suite 350
                Washington, D. C. 20037

# UMWA 1992 BENEFIT PLAN
## 2005 Calculation and Election of Security Provisions

Pursuant to the provisions of the Coal Industry Retiree Health Benefits Act of 1992 ("Act"), and the UMWA 1992 Benefit Plan Agreement and Declaration of Trust, 1988 Last Signatory Operators are required to provide security in an amount equal to three times the cost, as projected by the Trustees, of providing health care benefits for one year for all individuals receiving benefits from the Plan who are attributable to such Operator, plus all individuals receiving benefits from an individual employer plan maintained by such operator who are entitled to receive such benefits under Section 9711 of the IRC. Using this form the operator must calculate the amount of such security and indicate which option(s) have been elected to provide that security.  Please complete this form and submit it together with the appropriate documentation supporting the option(s) elected to the UMWA 1992 Benefit Plan by April 15, 2005.

Signature _____ Date _____

Name (1) _____ Title _____

Company Name: (2)_____ EIN (3) _____

Address: _____ Owner # (4) _____

_____ Telephone(5) ( )_____

E-mail: _____

Number of individuals receiving benefits from the 1992 Benefit Plan, attributable to
the operator, as identified in memorandum dated December 17, 2004                                          (6) _____

Number of individuals (retirees plus their dependents) receiving benefits under the
employer health plan maintained by the operator, pursuant to Section 9711 of the
Act, as of January 1, 2005.                                                                                                              (7) + _____

Total number of beneficiaries                                          (8) _____

Three-year average annual projected cost of providing health care benefits for
one year for one beneficiary                                                                                                              (9) X  $        5,015.00

Annual projected cost of providing health care benefits to all beneficiaries                       (10) $ _____

X _____ 3

Total amount of security required                       (11) $ _____

## CONTINUED ON THE REVERSE SIDE

## UMWA 1992 BENEFIT PLAN
## SECURITY PROVISION ELECTION

Mark below the option(s) used and show the amount of the security provided by each option elected.

1. ____ Surety Bond, executed agreement, conforming to requirements set out in
sample documents, must be attached, if not already submitted.                    $ _____

2. ____ Letter of Credit, executed agreement, conforming to requirements set
out in sample documents, must be attached, if not already submitted.             $ _____

3. ____ Escrow Account ___Master ___Individual, executed agreement, conforming
to requirements set out in sample documents, must be attached, if not
already submitted.                                                               $ _____

**Total Security Provided**    (12) $ _____

Additional Premium due for use of escrow arrangement

Total amount of security to be provided by escrow                          (13) $ _____

Balance in escrow account                                                  (14) _____

Escrow balance due, subject to premium                                     (15) _____
Premium rate (1% if funding in 9 years, 2 ½% if longer term used)              x _____ %
Annual premium due, **A CHECK FOR THIS AMOUNT PAYABLE
TO THE 1992 BENEFIT PLAN MUST ACCOMPANY
THIS REPORT**                                                               (16) $ _____

If a company **is unable to provide the security required** using the above option(s), the company
shall then be required to pay an additional prefunding premium calculated as follows:

Additional annual prefunding premium, total number of beneficiaries        (17) _____
Annual prefunding premium  $ 355.00  times _10_      =                      x $    3,550.00

Total additional prefunding premium due, **A CHECK FOR THIS
AMOUNT PAYABLE TO THE 1992 BENEFIT PLAN MUST
ACCOMPANY THIS REPORT**                                                     (18) $ _____

**Send completed form and payment to:**

UMWA 1992 Benefit Plan
2121 K Street NW    Suite 350
ATTN: Security
Washington, D.C. 20037

elect1/03

**UMWA 1992 BENEFIT PLAN**
**SECURITY PROVISIONS**
**INSTRUCTIONS FOR COMPLETING THE**
**2005 ANNUAL ESCROW ACCOUNT CALCULATION AND REPORTING FORM**

1. Enter the number of individuals receiving benefits from the UMWA 1992 Benefit Plan, as reported to the company by the Plan on December 16, 2004, on line (1).

2. Enter the number of individuals (retirees and dependents) receiving benefits under the employer health plan maintained by the company, pursuant to Section 9711 of the Act, as of January 1, 2004 on line (2).

3. Add lines (1) and (2) together and enter the total on line (3).

4. Multiply the total on line (3) by the average annual premium of $ 5,015.00 and enter the total on line (4).

5. Multiply the amount on line (4) by 3 and enter the total on line (5).

6. Enter the number of years (9, 15 or 20) the escrow is being funded over on line (6).

7. Multiply line (5) by the fraction of line (7) / line (6) and enter on line (8).

8. Enter the balance in the escrow account, as of January 1, 2005, on line (9).

9. Subtract line (9) from line (8) and enter total on line (10).

10. The amount shown on line (10) is the amount that must be deposited with the Escrow Account Trustee on or before April 15, 2005.

11. Enter the amount from line (5) on line (11).

12. Enter the balance in the escrow account after current payment on line (12).

13. Subtract line (12) from line (11) and enter the total on line (13).

14. Multiply line (13) by 1 % or 2 ½%, depending on the term used to fund the escrow account, and enter result on line (14).

15. Enter the name and title of the individual responsible for completing the form on line (15).

16. Enter the company's name on line (16) and Employer Identification Number on line (17).

17. Enter the company's address on line (18), Owner No. on line (19), telephone number on line (20) and e-mail address.

18. **BE SURE TO SIGN AND DATE FORM.**

19. Send a copy of the report to the UMWA 1992 Benefit Plan, along with the original with the appropriate payment, see step 10 above, to the Escrow Account Trustee for deposit of the funds and completion of the report by the Trustee.

If you are participating in the Master Escrow Agreement with Bank of New York, you should mail the completed form to:

> Michael Nisenson, Account Administrator
> Bank of New York
> One Wall Street
> New York, NY 10286

Mr. Nisenson may be reached at 212-635-8194, his fax is 212-635-8311 and his email address is: mnisenson@bankofny.com

Checks for payments to the Master Escrow Trust should be payable to:

> 1992 Benefit Plan Retiree Health Benefit Reserve
> UMWA 1992 Benefit Plan Reserve Acct # 157541

Instructions for wiring funds to the Master Escrow Account are:

> Bank of New York
> One Wall Street
> New York, NY 10286
> ABA # 021000018
> REF # GLA111363
> Attn: Michael Nisenson
> 212-635-8194
> Account Name: UMWA 1992 Benefit Plan Reserve
> Account # 157541

## ESCROW ACCOUNT TRUSTEE

20. Enter the date the current contribution was received by you on line (21) and the amount of the payment on line (22).

21. Enter the balance in the escrow account following the current contribution on line (23).

22. Enter the name and title of the individual responsible for completing the form on line (24).

23. Enter the company's name on line (25) and telephone number on line (26).

24. Enter company address on line (27).

25. **BE SURE TO SIGN AND DATE FORM.**

26. Mail completed form to: UMWA 1992 Benefit Plan        Attn: Security
    2121 K Street NW        Suite 350
    Washington, D. C. 20037

# UMWA 1992 BENEFIT PLAN
## 2005 Annual Escrow Account Calculation and Reporting Form

Pursuant to the provisions of the Coal Industry Retiree Health Benefits Act of 1992 ("Act"), and the UMWA 1992 Benefit Plan Agreement and Declaration of Trust, 1988 Last Signatory Operators are required to provide security in an amount equal to three times the cost, as projected by the Trustees, of providing health care benefits for one year for all individuals receiving benefits from the Plan who are attributable to such Operators, plus all individuals receiving benefits from an individual employer plan maintained by such operator, who are entitled to receive such benefits under section 9711 of the IRC. Using this form, the operator must calculate **the balance required in the Escrow Account** as of January 1, 2005.

Complete this form and submit it with the payment necessary to bring the Escrow Account Balance to the amount shown below, to the Escrow Account Trustee on or before April 15, 2005.

A copy of this report, plus a check for the premium calculated on the reverse side, should be sent to:

> UMWA 1992 Benefit Plan
> 2121 K Street NW  Suite 350
> ATTN: Security
> Washington, D.C. 20037

Number of individuals receiving benefits from the 1992 Benefit Plan attributable
to the operator, as identified in memorandum dated December 17, 2004                    (1) _____

Number of individuals (retirees plus their dependents) receiving benefits under the
employer health plan maintained by the operator pursuant to Section 9711 of the Act,
as of January 1, 2005                                                                    (2) + _____

                                     Total number of beneficiaries        (3) _____

Three-year average annual projected cost of providing health care benefits for
one year for one beneficiary                                                              x        $ 5,015.00

Annual projected cost of providing health care benefits to all beneficiaries           (4) $ _____
                                                                                          x _____ 3

                                     Total amount of security required     (5) $ _____

Number of years escrow account being funded over (9, 15, or 20)   (6) _____
Number of years begun as of January 1, 2005 (since 1995)           (7) ___10___

**Required escrow account balance as of January 1, 2005**
        Total Escrow Security line (5) x line (7)/(6)              =      (8) $ _____

Balance in escrow account as of January 1, 2005                                        (9) _____

Payment needed to bring escrow account to required level as of January 1, 2005         (10) $ _____

## CONTINUED ON THE REVERSE SIDE

# UMWA 1992 BENEFIT PLAN
## Annual Escrow Account Calculation and Reporting Form

**Additional Premium due for use of escrow arrangement**

Total amount of security to be provided by escrow      (11)    $ _____

Balance in escrow account after current payment      (12)    _____

Escrow balance due in subsequent years, subject to premium      (13)    _____

Premium rate (1% if funding over 10 years 2 ½% if longer term used)    x _____ %

Annual premium due, **A CHECK FOR THIS AMOUNT,**      (14)    $ _____
**PAYABLE TO THE 1992 BENEFIT PLAN, MUST**
**ACCOMPANY A COPY OF THIS REPORT**

and be sent to:    UMWA 1992 Benefit Plan
                 2121 K Street NW Suite 350
                 ATTN: Security
                 Washington, D.C. 20037

Signature _____    Date _____

Name(15) _____    Title _____

Company Name(16) _____    EIN(17) _____

Address(18) _____    Owner #(19) _____

_____    Telephone(20) ( ___ ) _____

E-mail    _____

The **Escrow Account Trustee** must complete the following and forward this report to the UMWA 1992 Benefit Plan.

Date current contribution received by Trustee:(21) _____    Amount of payment (22) $ _____

Balance in Escrow Account after deposit of current payment (23) $ _____

Signature _____    Date _____

Name(24) _____    Title _____

Company Name(25) _____    Telephone(26) ( ___ ) _____

Address(27) _____

_____

Escrow 1/03