IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MICHAEL H. HOLLAND, et al.,**

    **Plaintiffs,**

**v.**                                     **CIVIL ACTION NO. 5:05-0958**

**BLUESTONE COAL CORPORATION, et al.,**

    **Defendants.**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is defendant's motion to strike Paragraph 27 of the Complaint (Doc. No. 11).  For the reasons discussed below, defendant's motion to strike Paragraph 27 of the Complaint is **DENIED**.

**A.  Background**

In their motion, defendants indicate that Paragraph 27 of the Complaint refers to Civil Action No. 5:02-1454, a case involving the same parties involved in this dispute.  (<u>See</u> Doc. No. 11 at 2.)  Judgment was awarded against defendants in the previous case.  (<u>Id.</u>)  Defendants indicate that Paragraph 27 of the Complaint should be struck because it is "redundant and impertinent," because "[a]ny reference would be prejudicial to these [d]efendants, if disclosed to fact finders . . . ." (<u>Id.</u>) Additionally, defendants note that the reference contained to this previous action "is an inefficient use of the Court's time in that the judgment has been paid and the prior Complaint is not

the law of the case." (Id.) Finally, defendants assert that the matters referred to in Paragraph 27 are barred by the doctrine of *res judicata*. (Id.)

In response, plaintiffs contend that defendant's motion to strike is frivolous as Paragraph 27 is an integral part of this action and functions to provide the background for this dispute. (See Doc. No. 14 at 2.) Plaintiffs also aver that the information contained in Paragraph 27 of the Complaint is not prejudicial to defendants, and further, that the information is, in fact, true. (Id.)

As to Paragraph 27 being an "inefficient use of the court's time," plaintiffs aver that, should this case go to trial, it would take but "several minutes of testimony" to explain the background with regard to this earlier civil action, and that this testimony would not be prejudicial to defendants. (Id.)

Finally, plaintiffs state that *res judicata* is not applicable here where plaintiffs are attempting to establish that particular facts were adjudicated previously, and not to establish facts different than those previously established at trial. (Id. at 3.)

In the alternative, plaintiffs contend that defendants' motion to strike has been filed "prematurely" within the meaning of Local Rule of Civil Procedure 4.01(a) and should be denied by this court at this time without prejudice. (Id. at 3.)

Plaintiffs note that there is simply no reason for the court to strike the allegations of Paragraph 27 from the Complaint right now, and should instead take this up in closer proximity to trial.  (See id.)

Defendants filed no reply in support of their motion.

### B.  Analysis

Having reviewed the arguments of the parties and applicable case law, it is appropriate to deny defendants' motion without prejudice at this time.  Until the evidence in this case is further fleshed out, it is not clear whether the references to a previous case contained in Paragraph 27 are proper, unfairly prejudicial to defendants, or anything else.

Next, the court agrees with plaintiffs that defendants' argument that citation and discussion of this case is barred as *res judicata* is faulty.  Plaintiffs' position is not in the slightest inconsistent: in the first case, parties situated similarly to plaintiffs contended that defendants had failed to comply with pension-related obligations imposed by federal law for one time period.  Here, plaintiffs contend that defendants have failed to comply with pension-related obligations imposed by federal law for a different time period.  It is not the same action and plaintiffs are not adopting inconsistent positions.

### C. Conclusion

For the reasons outlined above, defendant's motion to strike Paragraph 27 of the Complaint (Doc. No. 11) is hereby **DENIED** without prejudice.

The Clerk is directed to forward a certified copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 14th day of March, 2006.

ENTER:

David A. Faber
Chief Judge