IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL H. HOLLAND, A. FRANK
DUNHAM, MICHAEL W. BUCKNER, and
ELLIOT A. SEGAL, as Trustees of the
UNITED MINE WORKERS OF AMERICA
1992 BENEFIT PLAN,

        Plaintiffs,

v.                                                              Civil Action No.: 5:05-0958
                                                            (Judge Thomas E. Johnston)

BLUESTONE COAL CORPORATION,
a corporation;
BLUESTONE COAL SALES CORPORATION,
a corporation; and
BLUESTONE INDUSTRIES, INC.,
a corporation; and
KEYSTONE SERVICE INDUSTRIES, INC.,
a corporation,

        Defendants.



ENTERED
OCT 1 0 2007
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## AGREED ORDER OF DISMISSAL

This day came Plaintiffs, Michael H. Holland, A. Frank Dunham, Michael W. Buckner, and Elliot A. Segal, as Trustees of the United Mine Workers of America 1992 Benefit Plan and Defendants, Bluestone Coal Corporation, Bluestone Coal Sales Corporation, Bluestone Industries, Inc. and Keystone Service Industries, Inc. and announced to the Court that the parties had settled the matters in the Civil Action. The parties jointly moved the Court that this Civil Action be dismissed from the active docket of the court and placed on the inactive docket for a period of one (1) year with leave for any party to move to restore the case to the active docket in the event Plaintiffs or Defendants seek to enforce the Settlement Agreement.

And the Court, upon being fully advised of the complexities of (i) the liability for and the calculation of statutory premiums pursuant to the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. § 9701, *et seq.* ("the Coal Act"), (ii) the statutory security for the benefit of the 1992 Benefit Plan, and (iii) an escrow plan for the deposit of security amounts, all of which were the subject matter of the Civil Action, is of the opinion to grant the motion.

Accordingly, it is **ORDERED** as follows:

1. That this matter be and hereby is placed on the inactive docket of the Court with directions to the Clerk to dismiss the matter from the inactive docket within one (1) year of the date of entry of this Order;

2. That the parties hereto be and hereby are granted leave to restore the Civil Action to the active docket of the Court in the event one of the parties would move to enforce the Settlement Agreement for the one year period the case remains on the inactive docket;

3. That this Civil Action be and hereby is dismissed (as of the date the matter is removed from the inactive docket of the Court) with prejudice with respect to premium payments for the time periods identified in the Complaint, for the security amounts identified in the Complaint, interest from the inception of the statutory obligation to the dismissal of the case from the inactive docket, post-judgment interest, liquidated damages, and attorneys' fees and costs.

4. The Civil Action shall be deemed to be dismissed without prejudice as to future obligations relating to statutory security obligations or payments of future premiums for time periods subsequent to those time periods claimed in the Complaint but based upon a factual predicate identified in the Complaint.

5. All claims or causes of action not expressly dismissed with prejudice in paragraph 3 above are dismissed without prejudice.

The Clerk is directed to send certified copies of this Order to counsel of record.

ENTERED this 10th day of October, 2007.

Thomas E. Johnston
Judge, United States District Court

JOINTLY PRESENTED BY:


/s/ Gary A. Collias
Gary A. Collias (WV State Bar # 784)
gacollias@citynet.net
122 Capitol Street
P. O. Box 70007
Charleston, WV 25301-0007
304-344-3653
304-345-3083 - fax
　*Counsel for Plaintiffs*


/s/ Charles L. Woody
Charles L. Woody (WV State Bar # 4130)
cwoody@spilmanlaw.com
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800
304-340-3801 – fax
　*Counsel for Defendants*